IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM CHARLES GRAHAM, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 3:25-cv-690-DWD |
| ) | |
| T. LILLARD, Warden, FCI Greenville, ) | |
| ) | |
| Respondent. ) | |

### MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court is Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. 1). That Petition is now before the Court for a preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, which states: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts; *accord Mayle v. Felix*, 545 U.S. 644, 663 (2005).[1] For the reasons explained below, the Petition does not survive a preliminary review under Rule 4, so it is **DISMISSED with prejudice**. Due to its frivolity, Petitioner is also **SANCTIONED** $200.

On July 16, 2019, Petitioner was indicted in the District of Minnesota for interference with commerce by robbery and using, carrying, and brandishing a firearm

---

[1] Rule 1(b) states, "[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)." Therefore, the Rules may be applied in the context of § 2241. *See Hudson v. Helman*, 948 F. Supp. 810 (C.D. Ill. 1996) (citing *Kramer v. Jenkins*, 108 F.R.D. 429, 431 (N.D. Ill. 1985)).

during and in relation to a crime of violence. *U.S. v. Graham*, No. 19-cr-185, Doc. 1 (D. Minn. July 16, 2019). Petitioner was found guilty of those charges in September 2020 after a bench trial. *Id.* at Docs. 258 & 259. On June 24, 2021, he was sentenced to a total of 294 months of imprisonment. *Id.* at Doc. 489. Petitioner appealed that judgment; however, the appeal was dismissed by the Eighth Circuit due to his failure to prosecute. *Id.* at Docs. 601 & 602. Around this same time, Petitioner sought to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *Id.* at Docs. 597 & 604. The District Court of Minnesota denied the relief requested by Petitioner under § 2255 on July 13, 2022. *Id.* at Docs. 677 & 678. Petitioner appealed, and the Eighth Circuit affirmed, the judgment. *Id.* at Docs. 679 & 690. Thereafter, the Eighth Circuit denied multiple requests by Petitioner to authorize a second or successive application for relief under § 2255. *Id.* at Docs. 735, 751, 778, 815.

Now, Petitioner is no stranger to the Court. He is a restricted filer and, under § 2241, he has filed at least 12 other cases in this District.[2] *See, e.g., Graham v. Lillard*, No. 24-cv-1110-SPM (S.D. Ill. April 15, 2024) (resulting in a dismissal, without prejudice, that was not appealed); *Graham v. Lillard*, No. 24-cv-1224-JPG (S.D. Ill. May 6, 2024) (resulting in a dismissal under *Jones v. Hendrix*, 599 U.S. 465 (2023), with prejudice, that was not

---

[2]As previously noted by the undersigned, Petitioner has also filed numerous habeas petitions under § 2241 in the District of Minnesota and the Eastern District of Kentucky. *See Graham*, No. 24-cv-2071-DWD, Doc. 9, pgs. 2-3 ns. 3 & 4 (S.D. Ill. Oct. 7, 2024) (citing *Graham v. U.S. Marshal,* No. 20-cv-1204 (D. Minn. March 30, 2020); *Graham v. U.S. Marshal,* No. 21-cv-246 (D. Minn. Jan. 28, 2021); *Graham v. U.S. Marshal*, No. 21-cv-1716 (D. Minn. Jul. 26, 2021); *Graham v. Gilley*, No. 22-cv-748 (D. Minn. March 25, 2022); *Graham v. USP-McCreary*, No. 22-cv-1041 (D. Minn. April 25, 2022); *Graham v. Gilley*, No. 23-cv-2036 (D. Minn. July 6, 2023); *Graham v. USA*, No. 23-cv-839 (D. Minn. April 3, 2023); *Graham v. Gomes,* No. 21-cv-191 (E.D. Ky. Nov. 17, 2021); *Graham v. Landon,* No. 21-cv-202 (E.D. Ky. Dec. 10, 2021); *Graham v. Landon,* No. 22-cv-9 (E.D. Ky. Jan. 24, 2022); *Graham v. Gilley,* No. 22-cv-21 (E.D. Ky. Feb. 3, 2022); *Graham v. Gilley,* No. 22-cv-57 (E.D. Ky. March 18, 2022); *Graham v. Gilley*, No. 22-cv-62 (E.D. Ky. March 28, 2022); *Graham v. USA,* No. 22-cv-67 (E.D. Ky. April 4, 2022); *Graham v. Gilley,* No. 22-cv-83 (E.D. Ky. April 15, 2022)).

appealed); *Graham v. Lillard*, No. 24-cv-1540-DWD (S.D. Ill. June 20, 2024) (same); *Graham v. Lillard*, No. 24-cv-2055-NJR (S.D. Ill. Aug. 28, 2024) (same, with a warning that the continued filing of frivolous or duplicative cases could result in sanctions, and with post-judgment motions pending); *Graham v. Lillard*, No. 24-cv-2071-DWD, (S.D. Ill. Aug. 29, 2024) (same); *Graham v. Lillard*, No. 24-cv-2626-JPG (S.D. Ill. Dec. 16, 2024) (resulting in a dismissal under *Jones*, with prejudice, that was not appealed, and, in light of the undersigned's prior warning in Case No. 24-cv-2071, a $200 sanction for the filing of meritless and/or frivolous petitions under § 2241); *Graham v. Lillard*, No. 25-cv-158-NJR (S.D. Ill. Feb. 3, 2025) (petition still pending); *Graham v. Lillard*, No. 25-cv-160-DWD (S.D. Ill. Feb. 4, 2025) (petition still pending); *Graham v. Lillard*, No. 25-cv-197-JPG (S.D. Ill. Feb. 11, 2025) (petition still pending); *Graham v. Lillard*, No. 25-cv-198-SMY (S.D. Ill. Feb. 11, 2025) (resulting in a dismissal under *Jones*, with prejudice, that was not appealed); *Graham v. Lillard*, No. 25-cv-559-NJR (S.D. Ill. April 14, 2025) (petition still pending); *Graham v. Lillard*, No. 25-cv-696-JPG (S.D. Ill. April 22, 2025) (resulting in a dismissal under *Jones*, with prejudice, that was not appealed, and, in light of the prior Orders in Case Nos. 24-cv-2071 and 24-cv-2626, a $200 sanction for filing a frivolous petition under § 2241).

For present purposes, the Court need not look any further than the above cases to determine that it "plainly appears" from the Petition in this case that Petitioner is not entitled to relief." *See* Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts; *Mayle*, 545 U.S. at 663. The Petition filed in this case presents issues that are identical or similar to those raised in Case Nos. 24-cv-1540-DWD, 24-cv-2055-NJR, 24-cv-2071-DWD, 24-cv-2626-JPG, 25-cv-198-SMY, 25-cv-696-JPG. In other words, the issues

3

presented have already been summarily rejected, as frivolous and barred by *Jones*, by the undersigned and other members of this Court. As a result, the Court will not continue to waste its valuable time and resources on issues that Petitioner now knows are frivolous.

For these reasons, the Petition is **DISMISSED with prejudice**. Due to the Petition's frivolity, and with the aim of deterring Petitioner from further abusive conduct toward the judicial system, he is again **SANCTIONED** $200. In light of the Court's warnings in Case Nos. 24-cv-2055-NJR, 24-cv-2071-DWD, 24-cv-2626-JPG, 25-cv-696-JPG, the Court **FINDS** that sanction is reasonable and appropriate under *Alexander v. U.S.*, 121 F.3d 312, 315-16 (7th Cir. 1997). Petitioner is **WARNED** that this sanction will be imposed in response to each frivolous § 2241 petition filed in the future.

If Petitioner wishes to appeal, he must do so within sixty days of the Judgment. *See* Fed. R. App. P. 4(a)(1)(B)(iii). Further, any motion for leave to appeal *in forma pauperis* must comply with Federal Rule of Appellate Procedure 24(a)(1). If Petitioner appeals and is granted leave to proceed *in forma pauperis*, he must pay at least a portion of the appellate filing fee to pursue the appeal (the amount to be determined based on Petitioner's prison trust fund account records for the past six months), irrespective of the outcome of that appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(a)(2), (e)(2). Petitioner need not obtain a certificate of appealability. *See Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000). The Clerk of the Court is **DIRECTED** to enter judgment accordingly and to close the case.

**SO ORDERED.**

Dated: April 28, 2025

*s/ David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge

4